[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on June 12. 1948 in Cheshire, Connecticut. The wife's maiden name was Marie T. Nigro. The parties have no minor children issue of this marriage.
The court has jurisdiction. The plaintiff has resided in the State of Connecticut her entire life. The marriage of the parties has broken down irretrievably and is hereby dissolved.
The court finds the following facts. The wife and husband are both retired and are in reasonably good health. The parties quit claimed their martial home to their daughter, Julie Solla in 1997 and kept a life use. The husband lives at said property known as 1675 Marion Road, Cheshire, Connecticut. The wife moved out of the property voluntarily over three years ago and resides with her daughter, Julie Solla. The wife's food and board are free.
In the summer of 2000, the parties agreed to withdraw substantial sums from their joint accounts and give these sums to their daughter, Julie Solla. The plaintiff filed the instant action in April, 2001.
The plaintiff's weekly income is $116.00. The defendant's weekly income is $298.00. Based on the length of the marriage and the disparity in the parties incomes, alimony to the wife for a period of time is appropriate.
The court, after reviewing all of the facts found, the testimonial and documentary evidence presented and admitted, the reasonable inferences therefrom drawn and statutory factors enters the following orders:
1. The defendant shall pay alimony to the plaintiff in the amount of $75.00 per week for a period of three years. Said alimony shall terminate upon:
A. Death of either party; CT Page 13907
B. The wife's remarriage; or
C. The wife's cohabitation with an unrelated adult male.
2. The defendant shall retain exclusive use and possession of the life use at 1675 Marion Road, Cheshire, Connecticut.
3. The following assets will be divided equally by the parties:
A. U.S. Treasury Bonds;
 B. John Hancock Fund (listed on defendant's affidavit with value of $71,493.00);
C. Fahnestock Money Market;
D. Mellon Fund; and
E. First Union (joint account listed on plaintiff's affidavit).
4. The defendant shall retain his First Union account listed on his affidavit with a value of $3,900.00.
5. The plaintiff shall retain her interest in her John Hancock IRA.
6. Each party shall retain ownership of the motor vehicles in their names.
7. The parties shall pay their own counsel fees.
BY THE COURT
 ___________________ Brian T. Fischer, Judge
CT Page 13908